IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NAPOLEON GRAY, | : | |
| Plaintiff | : | |
| VS. | : | |
| JOHN DOE Clerk, *et al.*, | : | NO. 5:10-cv-46 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **NAPOLEON GRAY**, presently an inmate at the Baldwin County Jail in Millegeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. ***See Rivera v. Allin***, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff, while incarcerated, has filed several civil actions in federal court.  At present, three of these complaints and one appeal were dismissed pursuant to 28 U.S.C. § 1915 for frivolity, malice, or failure to state a claim upon which relief may be granted.  *Gray v. Miller*, 7:01-cv-3 (WLS) (M.D. Ga. Mar. 13, 2001) (complaint); *Gray v. King*, 1:98-cv-30 (WLS) (M.D. Ga. Sept. 18, 2000) (appeal); *Gray v. Hall*, 6:00-cv-110 (BAE) (S.D. Ga. Oct. 14, 1998) (complaint); and *Gray v. Georgia Dep't of Corrections*, 1:98-cv-577-CC (N.D. Ga. Oct. 14, 1998) (complaint).

As plaintiff has four strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).  Plaintiff's claims of unlawful confinement do not remotely approach allegations of "imminent danger of serious physical injury."

Because plaintiff has more than three prior dismissals and does not appear to be in imminent danger of serious physical injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 8th day of February, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr